*26 The Supreme Court reversed the judgment of the Quarter Sessions on May 5th, 1879, in the following opinion, per
Woodward, J.
In the first and fifth assignments of error the complainants have raised the question of the jurisdiction of the Court of Quarter Sessions of the County of Schuylkill in a proceeding to widen a street in the Borough of Pottsville. The question may be met by a reference to the legislation on the general subject of the highways of that Borough. By the Act of the 22nd of April, 1856, full power was given to the Town Council to survey, lay out and open, and to provide for the widening and straightening of such roads, streets, lanes, alleys, courts and common sewers as they should deem necessary. Perhaps it would have been well if this Act had been left undisturbed. Many obvious considerations regarding the health and convenience of the inhabitants of a populous town would seem to require that its highways should be regulated on some systematic plan, and that some engineering experience and skill should be applied to their grades, drainage and alignment. But the law is-to be administered as it stands. By the Act of the 6th of March, 1860, the provisions of the Act of the 11th of February, 1854, “to consolidate and amend the ■road laws of the counties, of Beaver, Butler and Lawrence,” were extended to the County of Schuylkill. It would be superfluous to enquire into the scope and meaning of the Act of 1854. In an opinion delivered by- the late Judge Williams, in February, 1870, this Court decided In Re public road in Pottsville, that as extended it supplied and repealed the Act of 1856, and authorized the appointment of viewers by the Court of Quarter Sessions to open streets in Pottsville. The Act of 1854 as extended by the Act of 1860, and as modified by the Act of 2nd April 1872, is the existing authority for proceedings like these.
This is a certiorari, and the record shows that the Court appointed the viewers on the 15th of April, and substituted two viewers in lieu of the two first appointed on the 29th of April, 1876. Going outside the record, it was no more competent *27 for the complainants to show by the Clerk of the Quarter Sessions that the minute book contained no entry of a session of the Court on the 15th of April than it was for the petitioners to show by the certificates of the_ same Clerk, of the Prothonotary of the Common Pleas, and of their Honors Judge Pershing and Judge Walker, that until a very recent date no order had been made that the clerks of the several courts should be present when those courts were opened ; that in point of fact all the courts have been in session when the clerk of the sessions was not present; that all the courts were opened in due form on the 15th of April, 1876 ; and that it was the usual practice to refer all petitions for the appointment of road viewers to the Associate Judges while they were upon the Bench. If there was wrong here, it is out of reach.
One difficulty, however, presents itself which seems insuperable. The order was returnable “to the next Court of Quarter Sessions.” The report was made and confirmed nisi, damages were approved, and the width of the road was fixed on the 22nd of May, 1876. The Acts of the 5th of April, 1849, and the 30th of April, 1855, directed that the terms of the Schuylkill Courts should commence on the first Mondays of March, June, September and December. On the 1st of June, 1874, under the Act of April of that year, the Judges of the Schuylkill district ordered that courts “for the trial of criminal causes” should be held at six different periods in the year, each to continue two weeks. Of these periods two weeks beginning the first Monday in May were one. A corresponding order for terms “for the trial of civil causes” was made, one of these terms beginning the third Monday in May. But the return days and the four regular and statutory terms for purposes of process were left unchanged. It is apparent, therefore, that this order was returnable the first Monday of June, 1876. The action of the Court in receiving the report and confirming it nisi on the 22d of May was premature and improvident. The illegality involved in the appointment of viewers, receiving their report and entering confirmation at the same term has repeatedly been declared. Bridge over *28 Smithfield Creek, 6 Wh., 363; Appleby Manor Road, 1 Grant, 443; and Road in Baldwin and Lower St. Clair Townships, 12 Casey, 9. The reason for the rule was stated by Judge Sargeant in the Smithfield Creek Bridge, to be that ■“the Legislature seems to have deemed it expedient that there should be a delay in the report till the succeeding term, as well as that the viewers might have time to weigh and deliberate without hurry or precipitation, as that parties intérested should have opportunity to learn the doings of the' jury, and act with preparation in regard to them.” The theory that the Teport was returnable the first Monday in May would not help the petitioners. The term “for the trial of criminal causes” began on the 1st and ended on the 13th. The view was had on the 9th and 16th and was fatally defective under the principle of Metzler’s Road, 12 P. F. S., 151. And on the 15th of May, a week before the report was presented, the term “for the trial of civil causes” had begun.
The proceedings are reversed.